# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MARIA VARGAS,<br><br>        Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NAAC MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007 -1, and DOES I through X inclusive,<br><br>        Defendants. | 2:16-cv-01606-RFB-VCF<br>**REPORT AND RECOMMENDATION**<br><br>Motion to Enforce Settlement Agreement (ECF No. 31) |

    Before the Court is Defendant HSBC Bank USA, National Association's ("HSBC") Motion to Enforce Settlement Agreement. (ECF No. 31). For the reasons discussed below, the Court recommends that the motion be granted and the case be dismissed with prejudice.

    The facts regarding the potential settlement agreement are not in dispute. The parties discussed dismissing this wrongful foreclosure action if HSBC would postpone evicting Plaintiff from the property at issue. (ECF No. 31 at 2). On April 26, 2017, HSBC texted Plaintiff's attorney and asked if his client was "still interested in a 60 day vacate with a dismissal of the federal litigation," and Plaintiff's attorney responded, "Yes." (ECF No. 31-1, Ex. 2 at 1). HSBC sent over an agreement and communicated with Plaintiff's attorney many times regarding its signing. (*Id.* at 1-5). On July 25, 2016, Plaintiff's attorney acknowledged that he "had difficulty communicating with [his] client who originally told me it's OK." (*Id.* at 5-6). On July 28, 2017, the parties jointly filed an interim status report. (ECF No. 30). It states, "The Parties have agreed to the terms of a settlement, which would include dismissal of this action, with prejudice. … The Parties approved the written memorization and terms of the settlement agreement, but

1   Plaintiff has not yet executed the agreement, despite substantial effort by all counsel." (*Id.* at 2). To date,
2   Plaintiff has not signed the settlement agreement. (ECF No. 31-1, Ex. 4).

3   On October 19, HSBC filed a motion to enforce the settlement agreement. (ECF No. 31). HSBC
4   argues that it performed its part of the settlement agreement by postponing eviction, but Plaintiff has
5   refused to fulfill her obligations under the settlement agreement. (*Id.* at 2). While there is no signed
6   settlement agreement, HSBC asserts the parties "reached a meeting of the minds regarding the material
7   terms of the settlement" and the Court should enforce the agreement to dismiss this case with prejudice.
8   (*Id.* at 4). In opposition, Plaintiff argues "[t]he bottom line is…ultimately there was no signatures and no
9   settlement." (ECF No. 32 at 2). Plaintiff's counsel submitted an affidavit stating he "does not dispute the
10  ongoing negotiations regarding the possibility of settling the matter" but "the Plaintiff never agreed to
11  such terms" and "nothing was put on the record." (ECF No. 32-1).

12  "[I]t is now well established that the trial court has power to summarily enforce on motion a
13  settlement agreement entered into by the litigants while the litigation is pending before it." *In re City*
14  *Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (*quoting Autera v. Robinson,* 419 F.2d 1197,
15  1200 (D.C.Cir.1969)). "A settlement agreement is binding when the parties have a meeting of the minds
16  as to all essential terms to resolve the case. … A settlement agreement need not be memorialized by a
17  signed release to be enforceable." *Peyman v. Rayan*, No. 2:09-CV-01384-KJD, 2011 WL 4527932, at *1
18  (D. Nev. Sept. 28, 2011) (*citing May v. Anderson,* 121 Nev. 668, 119 P.3d 1254, 1258-59 (Nev.
19  2005)). "Nevada law presumes that an attorney has authority to settle his client's claim." *G & G Closed*
20  *Circuit Events, LLC v. Schoen*, No. 2:12-CV-1424 JCM NJK, 2013 WL 6076198, at *3 n.1 (D. Nev. Nov.
21  18, 2013).

22  Despite Plaintiff's refusal to sign the agreement, the parties entered into a binding settlement
23  agreement in this case. There is evidence on the record that "[t]he Parties have agreed to the terms of a
24  settlement, which would include dismissal of this action, with prejudice." (ECF No. 30 at 2). Plaintiff's
25  counsel acknowledged in a signed pleading that "[t]he Parties approved the written memorization and

1  terms of the settlement agreement." (*Id.*). Plaintiff fails to argue that her counsel did not have authority
2  to settle the case on her behalf or that her counsel was mistaken regarding this case's settlement. Plaintiff
3  also fails to argue that the terms were unclear or that HSBC failed to adhere to the agreement. Because
4  Plaintiff's counsel acknowledged that the parties had a meeting of the minds as to the essential terms of
5  the settlement agreement and HSBC has fulfilled its part of the agreement, the Court should grant HSBC's
6  motion to enforce the settlement agreement and dismiss the case with prejudice.

   Accordingly,

   IT IS HEREBY RECOMMENDED that HSBC's Motion to Enforce Settlement Agreement (ECF No. 31) be GRANTED.

   IT IS FURTHER RECOMMENDED that the case be DISMISSED WITH PREJUDICE.

   DATED this 13th day of November, 2017.

   _____
   CAM FERENBACH
   UNITED STATES MAGISTRATE JUDGE