**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| MARIA VARGAS, | Case No. 2:16-cv-01606-RFB-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NAAC MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1, | |
| Defendant. | |

Before the Court is Plaintiff's Objection (ECF No. 35) to the Magistrate Judge's Report and Recommendation (ECF No. 34). The Court has reviewed the record *de novo* and concurs with the recommendation of the Report and Recommendation which is adopted in full. The Motion to Enforce Settlement (ECF No. 31) is granted.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); LR IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>see also</u> LR IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," de

novo or otherwise, of the report and recommendations of a magistrate judge.  <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985).

Magistrate Judge Ferenbach found that the parties had reached an agreement to settle this case and he recommended that Settlement Agreement between the parties be enforced and that this case be closed based upon this Agreement.  His Report noted that the parties jointly filed an interim status report which indicated that "The Parties have agreed to the terms of a settlement, which would include dismissal of this action, with prejudice."  ECF No. 30.  The Report rejected the Plaintiff's argument that no agreement existed since Plaintiff had never actually signed the draft Settlement Agreement.  ECF No. 34 at 2.

The Plaintiff objects to the Report.  The Plaintiff argues essentially that the absence of Plaintiff's signature on the Settlement Agreement demonstrates that the parties did not reach an agreement.  Plaintiff avers that there was no meeting of the minds as to settlement of the case.

The Court has reviewed the record *de novo* and adopts the factual findings of the Report.

The Court also concurs with the recommendation of the Magistrate Judge Ferenbach.  "[I]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it."  <u>In re City Equities Anaheim, Ltd.,</u> 22 F.3d 954, 957 (9th Cir. 1994) (quoting <u>Autera v. Robinson</u>, 419 F.2d 1197,1200 (D.C.Cir.1969)).  Under Nevada law, a settlement agreement has been reached when the parties have agreed to its material terms even if the exact language of the agreement and execution shall occur later.  <u>May v. Anderson</u>, 121 Nev. 668, 674–75 (2005).  The Court finds that, by the parties' own statements, a settlement agreement was reached in this case.  The parties, including the Plaintiff, jointly filed a status report which confirmed that the parties "have agreed to the terms of a settlement."  The Plaintiff's attempt to rely upon the absence of a signature on the final draft is

unavailing. Id. The Court finds upon this record that at an enforceable settlement agreement was reached between the parties.

**IT IS ORDERED** that Report and Recommendation (ECF No. 34) is accepted and adopted in full.

**IT IS FURTHER ORDERED** that the Motion to Enforce Settlement (ECF No. 31) is granted the case is dismissed with prejudice. The Clerk of Court is instructed to close this case.

DATED: <u>September 27, 2018</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**